## 37041. DUNN v. DUNN.

JORDAN, Chief Justice.

Appellant Josephine Dunn and appellee Bobby Dunn were ceremonially married in 1969 and divorced in 1973, custody of the child awarded to appellant. Appellant contends that they entered into a common law marriage in 1974 and lived together as man and wife until they separated in early 1975. Subsequent thereto on October 4, 1975, appellee entered into a ceremonial marriage with his present wife and one child has been born to that marriage.

On August 20, 1979, appellant filed a petition for divorce, custody and alimony against the appellee based on the alleged common law marriage in 1974 and seeking return of certain real estate allegedly conveyed to appellee in 1976 under coercion.

Appellee answered denying the common law marriage and both parties filed affidavits and interrogatories. The appellee made a motion for summary judgment which the trial court granted on the basis that "because of the doctrine of laches the plaintiff is forever barred from asserting a common law marriage between the plaintiff and the defendant. . . ." and the appellant filed this appeal.

The appellee has made a motion to dismiss the appeal in this court for failure to file an application for appeal under the provisions of Code Ann. § 6-701.1. Appellant contends that while the issue of common law marriage and divorce are involved, these issues were never reached because of the application of the equitable doctrine of laches, and hence this is not an appeal from a "judgment or order granting or refusing a divorce" under the above stated Code Section.

Pretermitting the question of whether equitable estoppel is applicable to a claim of common law marriage (see *Evans v. Marbut,* 238 Ga. 583 (234 SE2d 506) (1977)) we hold that this is a "domestic relations" case and subject to the appeal procedure set forth in Code Ann. § 6-701.1. This Code Section has been broadly applied to cases involving divorce, alimony, and contempt based thereon. *Horne v. Horne,* 245 Ga. 300 (265 SE2d 3) (1980); *Biggs v. Biggs,* 246 Ga. 520 (273 SE2d 403) (1980); *Waters v. Waters,* 246 Ga. 547 (273 SE2d 404) (1980).

*The motion to dismiss is granted. All the Justices concur.*

DECIDED FEBRUARY 25, 1981 —
REHEARING DENIED MARCH 18, 1981.

*Charles L. Day,* for appellant.

*P. Samuel Huff,* for appellee.